UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHRIS R. COOK,

        Defendant.

Case No. 2:18-CR-179
CHIEF JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

Currently pending before the Court is Defendant Chris R. Cook's ("Cook") *First Motion to Dismiss the Indictment and Produce Grand Jury Transcripts* (ECF No. 48); *Motion to Dismiss for Violation of Speedy Trial Rights* (ECF No. 77); and *Motion to Adopt Motions of Prior Counsel* (ECF No. 78). For the reasons below, the Court **DENIES** Cook's *Motion to Dismiss the Indictment and Produce Grand Jury Transcripts* (ECF No. 48) and *Motion to Dismiss for Violation of Speedy Trial Rights* (ECF No. 77). The Court **GRANTS** Cook's *Motion to Adopt Motions of Prior Counsel* (ECF No. 78).

### I.

On August 21, 2018, a federal Magistrate Judge issued an Arrest Warrant for Cook. (*See* Arrest Warrant [ECF No. 2]). On August 22, 2018, during the search of his home pursuant to a federal search warrant, the Federal Bureau of Investigations arrested Cook. That same day, Cook appeared before Magistrate Judge Jolson for his initial appearance; Magistrate Judge Jolson ordered Cook to be temporarily detained. (*See* ECF Nos. 3; 4). On August 28, 2018, a grand jury returned a six-count Indictment charging Cook with one count of conspiracy to possess with the intent to distribute 50 grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A)(iii), and 846 (Count 1); and five counts of distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 (Counts 2–6). (Indictment [ECF No. 7]).

On September 5, 2019, Magistrate Judge Jolson ordered Cook to be detained pending trial. (ECF No. 15). Cook appeared before the undersigned on September 6, 2018 for his Arraignment on the Indictment, at which point Cook pleaded not guilty on all counts. (ECF No. 16). The Court ordered that this case be set for a trial by jury to begin on November 13, 2018. (ECF No. 17). On October 26, 2018, Cook moved to continue the trial date and submitted a written waiver of his right to a speedy trial on October 30, 2018. (ECF Nos. 27; 28). Cook's waiver states:

> NOW COMES Christopher Cook, by and through counsel, and knowing waives his United States constitutional and statutory rights to a speedy trial herein. No threats, promises or offers of reward have been made to obtain this waiver. It has been explained that under the Federal Speedy Trial Act that Mr. Cook has a right for his case to be tried within seventy statutorily defined days and a decision to waive that right so that motions to suppress may be pursued is now executed.

(ECF No. 28). The waiver is signed by Cook and his counsel at the time, Mr. Andrew Sanderson. (*Id.*). The Court granted Cook's motion to continue and re-scheduled his trial date to January 14, 2019. (*See* ECF Nos. 29; 30).

On November 16, 2018, Cook filed a motion for the undersigned to review the Magistrate Judge's Order for Pretrial Detention. (ECF No. 31). On November 19, 2018, Cook filed a Motion to Suppress the Inventory seized from the August 22, 2018 raid of his home. (*See* Mot. to Suppress [ECF No. 32]). Following a December 6, 2018 status conference, Cook's motions were set for a hearing to be held on January 4, 2019, the same day as Cook's Final Pretrial Conference. (ECF Nos. 41; 42). On January 3, 2019, Cook's attorney at that time filed four additional motions: (1.) Motion to Dismiss the Indictment and to Produce Grand Jury Transcripts (ECF No. 48); (2.) Supplemental Motion to Suppress (ECF No. 49); (3.) Motion to Compel Release (ECF No. 50);

and (4.) Motion to Withdraw as Counsel (ECF No. 51). Due to the Motion to Withdraw as Counsel, the Court conducted a hearing on defense counsel's motion on January 4, 2019, in lieu of the Final Pretrial Conference and Motion to Suppress hearing. (*See* ECF Nos. 52; 53). That same day, the Court granted the Motion to Withdraw as Counsel and then appointed current counsel. (*See* ECF No. 52).

Given the appointment of new counsel, the Court issued an Amended Trial Order and set Cook's trial for March 18, 2019. (ECF No. 56). On February 14, 2019, Cook filed a Motion to Continue the trial. (ECF No. 57). The Motion to Continue, in full, states:

> Counsel is requesting additional time in this matter to investigate, review discovery, discuss these matters with his client and complete negotiations with the AUSA. Therefore, it is respectfully requested that a continuance be granted in this matter. The defendant hereby waives his right to a speedy trial for the period of the continuance by the filing of this motion.

(*Id.*). The Court granted Cook's motion and issued another Amended Scheduling Order, which Cook's trial to begin on April 29, 2019. (ECF Nos. 58; 59).

On April 4, 2019, a grand jury for the Southern District of Ohio returned an eight-count Superseding Indictment against Cook. (*See* Super. Indictment [ECF No. 64]). The Superseding Indictment charged Cook with: one count of conspiracy to possess with the intent to distribute 50 grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 21 U.S.C. § 846 (Count 1); five counts of distribution of 5 grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 18 U.S.C. § 2 (Counts 2–4, 6–7); one count of distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 (Count 5); and one count of possession with the intent to distribute 5 grams or more of Methamphetamine, in violation 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 18 U.S.C. § 2 (Count 8). (*Id.*).

3

On April 5, 2019, the Court set a hearing for Cook's arraignment on the Superseding Indictment ("Superseding Arraignment"). (*See* ECF No. 67). That same day, Cook filed a Motion for Bond. (ECF No. 68). The Court scheduled Cook's bond hearing and Superseding Arraignment to take place concurrently on April 11, 2019. (*See* ECF No. 70). During the April 11, 2019 hearing, Cook pleaded not guilty on all counts of the Superseding Indictment, and the Court denied his Motion for Bond. (ECF No. 72). During this hearing, the Court stated in open court that Cook's trial was set for June 10, 2019. An order scheduling the June 10th trial was issued later that same day. (ECF No. 73).

The Court now addresses three of Cook's pending motions: (1.) Motion to Dismiss the Indictment and to Produce Grand Jury Transcripts (ECF No. 48); (2.) Motion to Dismiss on Speedy Trial (ECF No. 77); and (3.) Motion to Adopt Motions of Prior Counsel (ECF No. 78).

## II.

### A. Motion to Dismiss the Indictment and to Produce Grand Jury Transcripts

In his first Motion to Dismiss the Indictment and Request for Transcript of Grand Jury Proceedings (Mot. to Dismiss [ECF No. 48]), Cook moves the Court to dismiss the Indictment as he avers that the Indictment is, in fact, a Bill of Information prepared by the Government without input from the Grand Jury. (*See* Mot. to Dismiss at 1). To support his argument, Cook requests the Court to order the Government to release the transcripts from the grand jury proceedings. (*Id.*).

#### 1. Motion to Produce Grand Jury Transcripts

Federal Rule of Criminal Procedure 6(e)(3)(E) governs the disclosure of a grand jury matter. Rule 6(e)(3)(E), in pertinent part, states:

> (E) The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter:
> 
> (ii) at the request of a defendant who shows that a ground may exist to dismiss the

4

indictment because of a matter that occurred before the grand jury[.]

Fed. R. Crim. P. 6(e)(3)(E)(ii). Although Rule 6 allows a court to authorize the disclosure of a grand jury matter to a "defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[,]" the moving defendant must show a "compelling necessity" in order to break the "indispensable secrecy of grand jury proceedings" by establishing a "particularized need." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681–83 (1958).

Here, Cook maintains that his case was never presented to the grand jury as "there are inconsistencies with the signatures on the purported indictment." (Mot. to Dismiss at 1). But Cook does not expound upon these "inconsistencies." To the extent that Cook's argument is predicated upon the fact that both the Indictment and the Superseding Indictment are signed with "/s/ Foreperson," (*See* Indictment at 3; Super. Indictment at 3), such argument is unpersuasive.

The original Indictment and Superseding Indictment have been filed under seal and both bear the live signature of the foreperson of the Grand Jury. Further, the Court possesses a record that shows that at least 12 qualified grand jurors concurred in the Indictment and Superseding Indictment. The records bearing the grand jurors' signatures are part of the Court's file. These documents are sealed from public view to protect the identity of the members of the grand jury.

Grand jury proceedings are secret. To pierce the veil of such proceedings, a compelling show of a particularized need is required. *See Proctor & Gamble, supra*. Defendant has not met this heavy burden. Accordingly, the Court **DENIES** Cook's Motion for the Production of Grand Jury Transcripts.

2.  **Motion to Dismiss the Indictment**

The Fifth Amendment to the United States Constitution guarantees: "No person shall be

held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." U.S. Const., Amend. V. Cook seems to assert that the Government has violated this constitutional guarantee, arguing "the [I]ndictment [and Superseding Indictment] in this case [are] nothing more than 'bill[s] of information' prepared by the Assistant Prosecuting Attorney without due consideration by and input from the Grand Jury itself." (Mot. to Dismiss at 1). As the Court discussed *supra*, however, Cook's claim lacks any merit. The Court maintains documents illustrating that at least 12 grand jurors concurred in the Indictment and Superseding Indictment, which charge Cook with various narcotic-related offenses. Accordingly, the Court **DENIES** Cook's Motion to Dismiss.

## B. Motion to Dismiss for Violation of Speedy Trial Rights

Cook filed his Motion to Dismiss for Violation of Speedy Trial Rights on May 2, 2019. (ECF No. 77). Two laws grant Criminal defendants the right to a speedy trial. First, the Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const., Amend. VI. Second, the Speedy Trial Act of 1974 provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. . . .

18 U.S.C. § 3161(c)(1). The Court shall assess whether Cook's constitutional or statutory speedy trial rights have been violated.

### 1. Cook's Constitutional Right to a Speedy Trial

"[T]he proper remedy for a violation of a defendant's constitutional speedy-trial rights is dismissal of the indictment with prejudice." *United States v. Young*, 657 F.3d 408, 413 (6th Cir.

6

2011). In *Barker v. Wingo*, the Supreme Court set forth a four-factor balancing test in determining whether a particular defendant has been deprived of his constitutional right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. 407 U.S. 514, 530 (1972). "None of the factors is 'a necessary or a sufficient condition to the finding of a deprivation of the right of speedy trial,' but the factors are related and 'must be considered with such other circumstances as may be relevant' in 'a difficult and sensitive balancing process.'" *Young*, 657 F.3d at 414 (quoting *Barker*, 407 U.S. at 530).

"The first *Barker* factor—the length of delay—serves as a threshold or 'triggering mechanism' for a speedy-trial analysis." *Id.* (quoting *Barker*, 407 U.S. at 530). "That is, if there is no delay that is presumptively prejudicial, there is no necessity for inquiry into the other factors." *United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007). "A delay is 'presumptively prejudicial' if it 'approaches one year.'" *United States v. Pina*, 724 Fed. Appx. 413, 420 (6th Cir. 2018) (citing *Gardner*, 488 F.3d at 719). For Sixth Amendment purposes, the speedy-trial calculation begins "when the defendant is arrested or indicted, whichever is earlier." *Brown v. Romanowski*, 845 F3d 703, 712 (6th Cir. 2017).

Cook was arrested for the underlying offenses on August 22, 2018. (*See* ECF No. 3). Currently, Cook has been incarcerated for approximately 260 days. A 260-day delay is not presumptively prejudicial. *See Gardner*, 488 F.3d at 719 (finding a delay of 265 days not presumptively prejudicial); *see also Shepherd v. Lazaroff*, No. 1:15-CV-631, 2016 WL 11259029, at *10 (N.D. Ohio Feb. 25, 2016) (collecting cases). Further, the length of delay alleged by Cook in this case is generally insufficient to create a presumption of prejudice. *See United States v. Schreane*, 331 F.3d 548, 559 (6th Cir. 2003) (collecting cases and noting that "[w]hen prejudice has been found, the government's delay has typically been shockingly long") (citing *Doggett v.*

7

*United States*, 505 U.S. 647, 657 (1992) (six years); *United States v. Brown*, 169 F.3d 344, 351 (6th Cir. 1999) (five-and-one-half years); *United States v. Graham*, 128 F.3d 3172, 376 (6th Cir. 1997) (eight years)). As such, the Court need not analyze the remaining *Barker* factors and finds that Cook's constitutional right to a speedy trial has not been violated.

### 2. Speedy Trial Act

The Speedy Trial Act of 1974 ("the Act"), 18 U.S.C. §§ 3161–3174, provides that in "any case in which a plea of not guilty is entered, the trial . . . commence within seventy days" of the later of the filing of the indictment or the arraignment. *See United States v. Tinklenberg*, 563 U.S. 647, 650 (2011). However, the Act sets forth several dates that are excluded from this 70-day period. *See* 18 U.S.C. § 3161(h). The Court must first determine which day Cook's clock began to run. Then the Court must calculate how many days have since counted toward the 70-day limit.

#### a. The Triggering Date

The Sixth Circuit has "held that 'the plain meaning of the language of the [Act] requires a not guilty plea to begin the clock running.'" *United States v. Levon*, 127 F. App'x 865, 869 (6th Cir. 2005) (citing *United States v. O'Dell*, 154 F.3d 358, 360 (6th Cir. 1998); 18 U.S.C. § 3161(c)(1)). "Because 'the statute expressly applies only to cases in which pleas of not guilty have been entered,' the date on which the defendant pleaded not guilty . . . 'started the speedy trial clock in this case." *Id.* (citing, *inter alia*, *United States v. Nixon*, 779 F.2d 126, 130 (2d Cir. 1985); *United States v. O'Bryant*, 775 F.2d 1528, 1531 (11th Cir. 1985) (holding that the clock did not begin to run until the defendant appeared before the district court with counsel and entered a not guilty plea, despite having initially appeared before the court several days earlier.)).

There is, however, a circuit split on when the Speedy Trial Act 70-day clock begins to run, as pointed out in *United States v. Lopez-Valenzuela*, 511 F.3d 487 (5th Cir. 2007) ("Section

8

3161(c)(1)'s requirement that a defendant's trial commence by a certain date if the case is one 'in which a plea of not guilty is entered' determines only whether the time restrictions apply. It does not determine when the clock starts."). The Fifth Circuit further stated that it appears the Sixth Circuit in *O'Dell*, *supra*, departed from its ruling in *United States v. Crawford*, 982 F.2d 199, 203–04 (6th Cir. 1993), in which the court determined that the clock began from the defendant's initial post-indictment appearance, rather than the day of his subsequent arraignment—during which he presumably pleaded not guilty. *Id.* at 490.

The Fifth Circuit also points out that the Sixth Circuit's later unpublished opinions on this issue seem to reach differing conclusions. *Id.* at n.13 (comparing *United States v. Jackson*, 22 F. App'x 396, 398 n.6 (6th Cir. 2001) (finding that the clock began to run at the defendant's initial appearance not his subsequent arraignment, "reject[ing] the government's argument that the entry of the not guilty plea . . . was the speedy trial trigger date," and distinguishing *O'Dell* on the basis that the court had concluded in that "the speedy trial clock was never triggered during th[e] prior proceeding" because the defendant never entered a guilty plea in that proceeding.); with *Levon*, *supra* (relying on *O'Dell* and finding the clock ran from the date the defendants entered their not guilty pleas.)).

In *United States v. Cummings*, this Court found that *O'Dell* and *Crawford* are not necessarily inconsistent. *See* No. 2:10-cr-304, 2012 WL 4442738, at *2 (S.D. Ohio Sept. 25, 2012). The Court noted that "in *Crawford* it was not clear when the not guilty plea was entered." *Id.* And the Court concluded that because *O'Dell* is "absolutely clear[,] . . . this Court is bound by that decision[]" and therefore found that the clock began on the day of the defendant's arraignment. *See id.* at *1–2.

Likewise, the Court finds that *O'Dell* is still binding. Accordingly, the Speedy Trial Act

9

clock began to run on September 6, 2018, the date of Cook's Arraignment, during which he pleaded not guilty. (*See* ECF No. 16).

### b. Computation of Time

Among the exclusions from the 70-day period is "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Tinklenberg*, 563 U.S. at 650 (citing 18 U.S.C. § 3161(h)(1)(D)). "[T]he filing of a pretrial motion falls within this provision irrespective of whether it actually causes, or is expected to cause, delay in starting trial." *Id.* Also excluded from the speedy-trial computation are those days affected by a defendant's motion to continue that a judge has granted upon finding that a continuance is warranted. 18 U.S.C. § 3161(h)(7). Cook submits that 121 non-excludable days have elapsed since the triggering date. (*See* ECF No. 77 at 2). The Government maintains that Cook's statutory speedy trial rights have not been violated and that, at most, 49 non-excludable days have passed since his arraignment.

As stated *supra*, the clock began to run on September 6, 2018. Cook's Motion for Review of Pretrial Detention Order tolled the clock on October 10, 2018. (ECF No. 19). The Court ruled on that motion on October 11, 2018. (ECF No. 22). Thus, the clock restarted on October 12, 2018. Cook tolled the clock again on October 26, 2018 and the clock has yet to restart from that date. October 26, 2018 through October 31, 2018 are excluded pursuant to 18 U.S.C. § 3161(h)(1)(D). Cook waived his right to a speedy trial on October 30, 2018. (ECF No. 28).

During the May 3, 2019 status conference, Cook averred that the Court should not consider his October 30, 2018 waiver of speedy trial rights to be in effect after January 4, 2019, the day the Court granted his prior counsel's motion to withdraw. Even assuming, *arguendo*, that Cook is correct and that his waiver became ineffective upon the withdrawal of former counsel, such

10

argument is immaterial as the Speedy Trial Clock has been tolled since October 26, 2018 given Cook's filing of numerous motions in this case.[1] Most notably, Cook filed his Motion to Suppress (ECF No. 32) on November 16, 2018—at which point Cook had already waived his right to a speedy trial—and that motion is still pending.

Therefore, 48 "countable" days have elapsed since Cook's September 6, 2018 Arraignment. This is well within the Act's 70-day limit. Accordingly, the Court finds that Cook's statutory right to a speedy trial has not been violated. Because Cook's constitutional and statutory speedy trial rights have not been violated, the Court **DENIES** Cook's Motion to Dismiss on Speedy Trial grounds. (ECF No. 77).

### III.

For these reasons, the Court **DENIES** Cook's *Motion to Dismiss and Produce Grand Jury Transcripts* (ECF No. 48) and *Motion to Dismiss on Speedy Trial grounds*. (ECF No. 77). The Court **GRANTS** Cook's *Motion to Adopt Motions of Prior Counsel*. (ECF No. 78).

**IT IS SO ORDERED.**

5-10-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] These motions include the following: Second Motion for Pretrial Detention Review (ECF No. 31) filed on November 16, 2018 and denied on April 11, 2019 (*See* ECF No. 72); Motion to Suppress (ECF No. 32) filed on November 19, 2018 and still pending; Motion to Dismiss the Indictment and to Produce Grand Jury Transcripts (ECF No. 48) filed on January 3, 2019 and denied *supra*; Supplemental Motion to Suppress (ECF No. 49) filed on January 3, 2019 and still pending; Motion to Compel Release (ECF No. 50) filed on January 3, 2019 and still pending; Motion to Withdraw as Counsel (ECF No. 51) filed on January 3, 2019 and granted on January 4, 2019 (ECF No. 52); Motion for Discovery (ECF No. 55) filed on January 9, 2019 and still pending; Motion to Continue and Waiver of Speedy Trial Rights for the period of continuance (ECF No. 57) filed on February 14, 2019, granted on February 15, 2019 and trial rescheduled for April 29, 2019 (ECF Nos. 58; 59); Motion for Bond (ECF No. 68) filed on April 8, 2019 and denied on April 11, 2019 (ECF Nos. 72; 74); and the present Motion to Dismiss on Speedy Trial grounds (ECF No. 77).

11