# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

UNITED STATES OF AMERICA,

                         **Case No. 2:18-cr-179**

        **Plaintiff,**           **JUDGE EDMUND A. SARGUS, JR.**

    **v.**

CHRIS R. COOK,

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Chris Cook's Motions for Compassionate Release. (ECF Nos. 106–07.) The Government opposes Defendant's release. (ECF No. 108.) For the following reasons, the Court **DENIES** Defendant's motions.

### I.

On May 29, 2019, Defendant pleaded guilty to one count of possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(A)(viii), and 21 U.S.C. § 846. (ECF No. 91.) On September 25, 2019, the Court sentenced Defendant to 63 months' imprisonment (minus time served) and four years of supervised release. (ECF No. 98.) Defendant now moves for a compassionate release due to the COVID-19 pandemic. (ECF Nos. 106–07.)

### II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984).

Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 978 F.3d at 1004. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist,

the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1005. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Defendant moves the Court for a compassionate release. Defendant has exhausted his administrative rights; therefore, the Court has the authority to decide this motion. Defendant submits that he has Dyspnea and has difficulty breathing, and that he suffers substantial pain and distress. (ECF No. 107 at 5.) Defendant argues that his medical conditions put him at high risk of infection from COVID-19. (*Id.*) The Government responds that Defendant's arguments are moot because he has now received both doses of the Pfizer-BioNTech COVID-19 vaccine and Defendant does not challenge "the vaccine, its efficacy, or any additional risk he may face after being vaccinated." (ECF No. 108 at 1.) Defendant's medical records confirm that he received the second dose of the Pfizer COVID-19 vaccine on March 23, 2021. (ECF No. 108-1.)

When a defendant files a motion for compassionate release, the Court has "full discretion to define 'extraordinary and compelling'" and is not bound by the reasons listed in policy statement § 1B1.13. *Jones*, 980 F.3d at 1111. In defining "extraordinary and compelling," a generalized risk of contracting COVID-19 while incarcerated is not extraordinary and compelling. *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020). Likewise, "medically managed serious health conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and compelling reasons' justifying release[.]" *United States v. Huffaker*, No. 3:16-CR-100, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)). Courts generally look to CDC guidelines to determine whether a defendant is at an increased risk of severe

COVID-19.  *See United States v. Elias*, 984 F.3d 516, 521 (6th Cir. 2021).

Here, Defendant has not shown extraordinary and compelling reasons for release. Defendant has received both does of the Pfizer vaccine. According to clinical trials published on the CDC's website, the Pfizer vaccine was 95% effective at preventing COVID-19 in people who did not have a previous infection.[1] And clinical trials have shown that the Pfizer vaccine is 100% effective at preventing severe disease.[2]  Therefore, because Defendant is fully vaccinated and is now at little-to-no risk of severe COVID-19, and because "medically managed serious health conditions, paired with a generalized fear of COVID-19" is not alone sufficient, *Huffaker*, 2020 WL 5995499, at *3, there are no "extraordinary and compelling reasons" justifying compassionate release.  *See United States v. Groom*, No. 2:17-CR-159, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021).

## IV.

Accordingly, the Court **DENIES** Defendant's Motions for Compassionate Release. (ECF Nos. 106–07.)

**IT IS SO ORDERED.**

**5/17/2021**                                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                                          **EDMUND A. SARGUS, JR.**
                                                                       **UNITED STATES DISTRICT JUDGE**

---

[1] CDC, *Pfizer-BioNTech* (updated May 12, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html.
[2] Kathy Katella, *Comparing the COVID-19 Vaccines: How Are They Different?*, Yale Medicine (Mar. 29, 2021), https://www.yalemedicine.org/news/covid-19-vaccine-comparison.